**LITE DEPALMA GREENBERG, LLC**
Michael E. Patunas
Mayra V. Tarantino
Two Gateway Center, Suite 1201
Newark, NJ 07102
(973) 623-3000
mpatunas@litedepalma.com
mtarantino@litedepalma.com

*Attorneys for Plaintiffs Teva Pharmaceuticals USA, Inc.,*
*Teva Pharmaceutical Industries Ltd., Teva Neuroscience, Inc.*
*and Yeda Research and Development Co., Ltd.*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| TEVA PHARMACEUTICALS USA, INC., TEVA PHARMACEUTICAL INDUSTRIES LTD., TEVA NEUROSCIENCE, INC., and YEDA RESEARCH AND DEVELOPMENT CO., LTD., | Civil Action No.: |
| *Plaintiffs*, | **COMPLAINT** |
| v. | |
| DOCTOR REDDY'S LABORATORIES, LTD., DOCTOR REDDY'S LABORATORIES, INC., SANDOZ, INC., and MOMENTA PHARMACEUTICALS, | |
| *Defendants*. | |

Plaintiffs Teva Pharmaceuticals USA, Inc., Teva Pharmaceutical Industries Ltd., Teva Neuroscience, Inc. and Yeda Research and Development Co., Ltd. (collectively "Plaintiffs" or "Teva") bring this action for patent infringement and declaratory judgment against Defendants Doctor Reddy's Laboratories, Ltd. ("DRL Ltd."), Doctor Reddy's Laboratories, Inc. ("DRL Inc.") (collectively referred to as "DRL"), Sandoz, Inc. and Momenta Pharmaceuticals Inc. (collectively referred to as "Sandoz").

**NATURE OF THE ACTION**

1.      This is an action by Teva for infringement of United States Patent No. 8,232,250 ("the '250 patent") and United States Patent No. 8,399,413 ("the '413 patent").  This action arises out of the filing of Abbreviated New Drug Applications ("ANDA") by DRL and Sandoz seeking approval by the United States Food and Drug Administration ("FDA") to sell generic versions of COPAXONE® 40 mg/mL injection, Teva's innovative treatment for patients with relapsing-forms of multiple sclerosis, prior to the expiration of the '250 and '413 patents.

**THE PARTIES**

**Teva**

2.      Teva Pharmaceuticals USA, Inc. ("Teva USA") is a Delaware corporation with its principal place of business at 1090 Horsham Road, North Wales, Pennsylvania 19454-1090.

3.      Teva Pharmaceutical Industries Ltd. ("Teva Ltd.") is an Israeli company with its principal place of business at 5 Basel Street, P.O. Box 3190, Petah Tikva, 49131, Israel.

4.      Teva Neuroscience, Inc. ("Teva Neuroscience"), is a Delaware corporation with its principal place of business at 901 E. 104th Street, Suite 900, Kansas City, Missouri 64131.

5.      Yeda Research and Development Co. Ltd. ("Yeda") is an Israeli company with its principal place of business is at P.O. Box 95, Rehovot, 76100, Israel.

**DRL**

6.      Upon information and belief, Doctor Reddy's Laboratories Ltd. is a corporation organized and existing under the laws of India with its principal place of business at 8- 2- 337, Road No. 3, Banjara Hills, Hyderabad, Telangana 500 034, India.

7.      Upon information and belief, Doctor Reddy's Laboratories Inc. is a corporation organized and existing under the laws of New Jersey with its principal place of business at 107 College Road East, Princeton, NJ 08540, and is a wholly-owned subsidiary of Doctor Reddy's

2

Laboratories Ltd.

**Sandoz**

8.     Upon information and belief, Sandoz, Inc. is a corporation organized and existing under the laws of Colorado with its principal place of business at 506 Carnegie Center, Suite 400, Princeton, NJ 08540.

9.     Upon information and belief, Momenta Pharmaceuticals, Inc. is a corporation organized and existing under the laws of Delaware with its principal place of business at 675 West Kendall Street, Cambridge, MA 02142.

## JURISDICTION AND VENUE

10.     This action for patent infringement arises under 35 U.S.C. § 271.

11.     This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a), and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

12.     Venue is proper in this Judicial District under 28 U.S.C. § 1400(b) and § 1391.

13.     Upon information and belief, this Court has personal jurisdiction over DRL.

14.     Upon information and belief, DRL Inc. is a company incorporated in the State of New Jersey.

15.     Upon information and belief, DRL Inc. is a company with its principal place of business in the State of New Jersey.

16.     DRL has admitted that DRL Inc. and DRL Ltd. are subject to personal jurisdiction in this district.  *See Novartis Pharmaceuticals Corporation v. Actavis LLC et al.,* C.A. No. 13-01028 (D.N.J.).  DRL has also admitted that DRL Inc. is subject to personal jurisdiction in this district.  *See Helsinn Healthcare S.A et al. v. Dr. Reddy's Laboratories, et al.*, C.A. No. 13-05815 (D.N.J.).

3

17.     Upon information and belief, Defendant Dr. Reddy's Laboratories, Ltd. (through its wholly-owned subsidiary Defendant Dr. Reddy's Laboratories, Inc.) markets, distributes and/or sells generic drugs throughout the United States and within the State of New Jersey. Upon information and belief, Dr. Reddy's Laboratories, Ltd. has engaged in and maintained systematic and continuous business contacts within the State of New Jersey, and has purposefully availed itself of the benefits and protections of the laws of New Jersey. Defendant Dr. Reddy's Laboratories, Ltd. has also committed, or aided, abetted, contributed to and/or participated in the commission of, the tortious action of patent infringement that has led to foreseeable harm and injury to Teva, which manufactures COPAXONE®, for sale and use throughout the United States, including the State of New Jersey. Dr. Reddy's Laboratories, Ltd. has applied for FDA approval to market and sell a generic version of COPAXONE® 40 mg/mL throughout the United States, including in New Jersey. Further, upon information and belief, DRL, affiliates of DRL and/or subsidiaries of DRL are registered with the New Jersey State Department of Health as a drug product wholesaler.

18.     Upon information and belief, Defendant Dr. Reddy's Laboratories, Inc. markets, distributes and/or sells generic drugs throughout the United States and within the State of New Jersey. Upon information and belief, Dr. Reddy's Laboratories, Inc. has engaged in and maintained systematic and continuous business contacts within the State of New Jersey, and has purposefully availed itself of the benefits and protections of the laws of New Jersey. Defendant Dr. Reddy's Laboratories, Inc. has also committed, or aided, abetted, contributed to and/or participated in the commission of, the tortious action of patent infringement that has led to foreseeable harm and injury to Teva, which manufactures COPAXONE®, for sale and use throughout the United States, including the State of New Jersey. Dr. Reddy's Laboratories, Inc.

435881.1

has applied for FDA approval to market and sell a generic version of COPAXONE® 40 mg/mL

throughout the United States, including in New Jersey.

19.     Upon information and belief, this Court also has personal jurisdiction over DRL

because it previously has been sued in this district, did not challenge this Court's assertion of

personal jurisdiction over it, and availed itself of this forum by asserting counterclaims for the

purpose of litigating a patent infringement dispute.  *See, e.g., Genzyme Corp. et al. v. Dr.

Reddy's Laboratories, Inc. et al.,* C.A. No. 13-06827 (D.N.J.); *Amarin Pharma, Inc. et al. v. Dr.

Reddy's Laboratories, Inc. et al.*, C.A. No. 14-02760 (D.N.J.); *Novartis Pharmaceuticals et al. v.

Dr. Reddy's Laboratories, Ltd. et al*., C.A. No. 14-00785 (D.N.J.).

20.     Upon information and belief, DRL has availed itself of this forum by bringing a

civil action in this forum.  *See Dr. Reddy's Laboratories, Inc. et al. v. Purdue Pharmaceutical

Products L.P. et al.*, C.A. No. 14-03230 (D.N.J.).

21.     Upon information and belief, this Court has personal jurisdiction over Defendant

Sandoz.

22.     Upon information and belief, Sandoz Inc. is a company with its principal place of

business in the State of New Jersey.

23.     Upon information and belief, Defendant Sandoz markets, distributes and/or sells

generic drugs throughout the United States and within the State of New Jersey.  Upon

information and belief, Sandoz, has engaged in and maintained systematic and continuous

business contacts within the State of New Jersey, and has purposefully availed itself of the

benefits and protections of the laws of New Jersey.  Defendant Sandoz has also committed, or

aided, abetted, contributed to and/or participated in the commission of, the tortious action of

patent infringement that has led to foreseeable harm and injury to Teva, which manufactures

435881.1

COPAXONE®, for sale and use throughout the United States, including the State of New Jersey. Sandoz has applied for FDA approval to market and sell a generic version of COPAXONE® 40 mg/mL throughout the United States, including in New Jersey.  Further, upon information and belief, Sandoz, affiliates of Sandoz and/or subsidiaries of Sandoz are registered with the New Jersey State Department of Health as a manufacturer and drug product wholesaler.

24.     Upon information and belief, this Court also has personal jurisdiction over Sandoz because it previously has been sued in this district, did not challenge this Court's assertion of personal jurisdiction over it, and availed itself of this forum by asserting counterclaims for the purpose of litigating a patent infringement dispute.  *See, e.g., Helsinn Healthcare S.A et al.. v. Dr. Reddy's Laboratories, et al.*, C.A. No. 13-05815 (D.N.J.); *Janssen Pharmaceuticals, Inc. et al. v. Sandoz Inc. et al.*, C.A. No. 13-06929 (D.N.J.); *Cornerstone Therapeutics Inc. et al. v. Sandoz Inc.*, C.A. No. 13-05723 (D.N.J.).

25.     Upon information and belief, this Court has personal jurisdiction over Defendant Momenta.

26.     Upon information and belief, Defendant Momenta markets, distributes and/or sells generic drugs throughout the United States and within the State of New Jersey.  Upon information and belief, Momenta has engaged in and maintained systematic and continuous business contacts within the State of New Jersey, and has purposefully availed itself of the benefits and protections of the laws of New Jersey.  Defendant Momenta has also committed, or aided, abetted, contributed to and/or participated in the commission of, the tortious action of patent infringement that has led to foreseeable harm and injury to Teva, which manufactures COPAXONE®, for sale and use throughout the United States, including the State of New Jersey. Momenta has applied for FDA approval to market and sell a generic version of COPAXONE®

40 mg/mL throughout the United States, including in New Jersey.

## BACKGROUND

**The '250 Patent**

27.    The '250 patent, entitled "Low Frequency Glatiramer Acetate Therapy" was duly and legally issued on July 31, 2012.

28.    Ety Klinger is the named inventor of the '250 patent.

29.    Yeda is the sole owner by assignment of all rights, title and interest in the '250 patent.

30.    Teva Ltd. is the exclusive licensee of the '250 patent.

31.    The '250 patent is listed in the FDA publication "Approved Drug Products with Therapeutic Equivalence Evaluations," commonly referred to as "the Orange Book" ("Orange Book"), with respect to COPAXONE®.

32.    A true and correct copy of the '250 patent is attached as Exhibit A.

**The '413 Patent**

33.    The '413 patent, entitled "Low Frequency Glatiramer Acetate Therapy" was duly and legally issued on March 19, 2013.

34.    Ety Klinger is the named inventor of the '413 patent.

35.    Yeda is the sole owner by assignment of all rights, title and interest in the '413 patent.

36.    Teva Ltd. is the exclusive licensee of the '413 patent.

37.    The '413 patent is listed in the Orange Book with respect to COPAXONE®.

38.    A true and correct copy of the '413 patent is attached as Exhibit B.

**Teva's COPAXONE® Product**

39.    Plaintiffs researched, developed, applied for and obtained FDA approval to

435881.1

manufacture, sell, promote and/or market a glatiramer acetate product known as COPAXONE®.

40.     Teva USA is the holder of New Drug Application ("NDA") number 02-0622, approved by the United States Food and Drug Administration ("FDA") for the use of glatiramer acetate, marketed as COPAXONE®, for the treatment of patients with relapsing forms of multiple sclerosis such as relapsing-remitting multiple sclerosis.

41.     Teva's innovative COPAXONE® product is supplied as single-dose prefilled syringes that contain 40mg/ml glatiramer acetate for injection, manufactured by Teva Pharmaceutical Industries Ltd., and marketed and sold in the United States by Teva Neuroscience, Inc.

**The DRL ANDA**

42.     DRL filed an ANDA under 21 U.S.C. § 355(j) seeking FDA approval to manufacture, use, offer for sale, sell in and import into the United States glatiramer acetate injection, 40 mg/mL, purported to be generic to Teva's COPAXONE® ("DRL's Glatiramer Acetate Product"), prior to the expiration of the '250 and '413 patents.

43.     FDA assigned the ANDA for DRL's Glatiramer Acetate Product the number 206767.

44.     DRL also filed with the FDA a certification pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) alleging that the claims of the '250 and '413 patents are invalid, unenforceable, and/or would not be infringed by the manufacture, use, importation, sale or offer for sale of its DRL's Glatiramer Acetate Product ("DRL's Paragraph IV Certification").

45.     By letter dated August 1, 2014, DRL notified Teva that it had filed ANDA No. 206767 seeking approval to market DRL's Glatiramer Acetate Product prior to the expiration of the '250 and '413 patents ("DRL Notice Letter").

435881.1

46.     Teva received the DRL Notice Letter no earlier than August 6, 2014.

47.     This Action is being commenced before the expiration of forty-five days from the date of receipt of the DRL Notice Letter.

48.     Upon information and belief, both Dr. Reddy's Laboratories, Inc. and Dr. Reddy's Laboratories, Ltd. submitted, collaborated and/or acted in concert in the preparation or submission of ANDA No. 206767.

**The Sandoz ANDA**

49.     Sandoz filed an ANDA under 21 U.S.C. § 355(j) seeking FDA approval to manufacture, use, offer for sale, sell in and import into the United States glatiramer acetate injection, 40 mg/mL, purported to be generic to Teva's COPAXONE® ("Sandoz's Glatiramer Acetate Product"), prior to the expiration of the '250 and '413 patents.

50.     FDA assigned the ANDA for Sandoz's Glatiramer Acetate Product the number 206921.

51.     Sandoz also filed with the FDA a certification pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) alleging that the claims of the '250 and '413 patents are invalid, unenforceable, and/or would not be infringed by the manufacture, use, importation, sale or offer for sale of its Sandoz's Glatiramer Acetate Product ("Sandoz's Paragraph IV Certification").

52.     By letter dated August 27, 2014, Sandoz notified Teva that it had filed ANDA No. 206921 seeking approval to market Sandoz's Glatiramer Acetate Product prior to the expiration of the '250 and '413 patents ("Sandoz Notice Letter").

53.     Teva received the Sandoz Notice Letter no earlier than August 28, 2014.

54.     This Action is being commenced before the expiration of forty-five days from the date of receipt of the Sandoz Notice Letter.

55.     Upon information and belief, both Sandoz, Inc. and Momenta Pharmaceuticals,

Inc. submitted, collaborated and/or acted in concert in the preparation or submission of ANDA No. 206921.

### COUNT I FOR INFRINGEMENT OF U.S. PATENT NO. 8,232,250 BY DRL

56.     The allegations of the proceeding paragraphs 1–55 are realleged and incorporated herein by reference.

57.     The use of DRL's Glatiramer Acetate Product is covered by one or more claims of the '250 patent.

58.     The commercial manufacture, use, offer for sale, sale, marketing, distribution and/or importation of DRL's Glatiramer Acetate Product would infringe one or more claims of the '250 patent.

59.     Under 35 U.S.C. § 271(e)(2)(A), DRL's submission to FDA of DRL's ANDA to obtain approval for DRL's Glatiramer Acetate Product with a Paragraph IV Certification related thereto before the expiration of the '250 patent constitutes an act of infringement, and if approved, the commercial manufacture, use, offer to sell, sale, or importation of DRL's Glatiramer Acetate Product containing glatiramer acetate, would infringe one or more claims of the '250 patent.

60.     DRL was aware of the '250 patent when engaging in these knowing and purposeful activities and was aware that filing DRL's ANDA with DRL's Paragraph IV Certifications with respect to the '250 patent constituted an act of infringement of the '250 patent.

61.     Upon information and belief, DRL seeks approval from the FDA to manufacture, use, offer for sale, sell in and import into the United States DRL's Glatiramer Acetate Product indicated for the treatment of patients with relapsing forms of multiple sclerosis.  Further, upon information and belief, DRL seeks approval from the FDA to manufacture, use, offer for sale,

435881.1

sell in and import into the United States DRL's Glatiramer Acetate Product, which will be indicated for administration three times per week with at least 48 hours between every injection.

62.     Upon information and belief, DRL plans and intends to, and will, infringe the '250 patent immediately and imminently upon approval of DRL's ANDA.

63.     Upon information and belief, immediately and imminently upon approval of DRL's ANDA, there will be direct infringement of the claims of the '250 patent under 35 U.S.C. § 271(a).

64.     Upon information and belief, DRL, under 35 U.S.C. § 271(b), acted in concert, actively supported, participated in, encouraged, and/or induced the infringement of one or more claims of the '250 patent.

65.     Upon information and belief, DRL plans and intends to, and will, actively induce infringement of the '250 patent when DRL's ANDA is approved, and plans and intends to, and will, do so immediately and imminently upon approval.

66.     Upon information and belief, DRL knows that DRL's Glatiramer Acetate Product is especially made or adapted for use in infringing the '250 patent and that DRL's Glatiramer Acetate Product is not suitable for substantial non-infringing uses.  Upon information and belief, DRL, under 35 U.S.C. § 271(c), plans and intends to, and will, contribute to the infringement of the '250 patent immediately and imminently upon approval of the DRL's ANDA.

67.     The foregoing actions by DRL constitute and/or would constitute infringement of the '250 patent, active inducement of infringement of the '250 patent and/or contribution to the infringement by others of the '250 patent.

68.     Upon information and belief, DRL acted without a reasonable basis for believing that it would not be liable for infringing the '250 patent, actively inducing infringement of the

11

'250 patent and/or contributing to the infringement by others of the '250 patent.

69.     Teva will be substantially and irreparably harmed by DRL's infringing activities unless the Court enjoins those activities.  Teva will have no adequate remedy at law if DRL is not enjoined from the commercial manufacture, use, offer to sell, sale in and importation into the United States of DRL's Glatiramer Acetate Product.

70.     DRL's activities render this case an exceptional one, and Teva is entitled to an award of their reasonable attorney fees under 35 U.S.C. § 285.

## COUNT II FOR DECLARATORY JUDGMENT OF INFRINGMENT OF U.S. PATENT NO. 8,232,250 BY DRL

71.     The allegations of the proceeding paragraphs 1–70 are realleged and incorporated herein by reference.

72.     Upon information and belief, DRL plans to begin manufacturing, marketing, selling, offering to sell and/or importing DRL's Glatiramer Acetate Product soon after FDA approval of DRL's ANDA.

73.     Such conduct will constitute direct infringement of one or more claims on the '250 patent under 35 U.S.C. § 271(a), inducement of infringement of the '250 patent under 35 U.S.C. § 271(b), and contributory infringement of the '250 patent under 35 U.S.C. § 271(c).

74.     DRL's infringing patent activity complained of herein is imminent and will begin following FDA approval of DRL's ANDA.

75.     As a result of the foregoing facts, there is a real, substantial, and continuing justiciable controversy between Teva and DRL as to liability for the infringement of the '250 patent.  DRL's actions have created in Teva a reasonable apprehension of irreparable harm and loss resulting from DRL's threatened imminent actions.

76.     Upon information and belief, DRL will knowingly and willfully infringe the '250

patent.

77.     Teva will be irreparably harmed if DRL is not enjoined from infringing the '250 patent.

### COUNT III FOR INFRINGEMENT OF U.S. PATENT NO. 8,399,413 BY DRL

78.     The allegations of the proceeding paragraphs 1–77 are realleged and incorporated herein by reference.

79.     The use of DRL's Glatiramer Acetate Product is covered by one or more claims of the '413 patent.

80.     The commercial manufacture, use, offer for sale, sale, marketing, distribution and/or importation of DRL's Glatiramer Acetate Product would infringe one or more claims of the '413 patent.

81.     Under 35 U.S.C. § 271(e)(2)(A), DRL's submission to FDA of DRL's ANDA to obtain approval for DRL's Glatiramer Acetate Product with a Paragraph IV Certification related thereto before the expiration of the '413 patent constitutes an act of infringement, and if approved, the commercial manufacture, use, offer to sell, sale, or importation of DRL's Glatiramer Acetate Product containing glatiramer acetate, would infringe one or more claims of the '413 patent.

82.     DRL was aware of the '413 patent when engaging in these knowing and purposeful activities and was aware that filing DRL's ANDA with DRL's Paragraph IV Certifications with respect to the '413 patent constituted an act of infringement of the '413 patent.

83.     Upon information and belief, DRL seeks approval from the FDA to manufacture, use, offer for sale, sell in and import into the United States DRL's Glatiramer Acetate Product indicated for the treatment of patients with relapsing forms of multiple sclerosis.  Further, upon

information and belief, DRL seeks approval from the FDA to manufacture, use, offer for sale, sell in and import into the United States DRL's Glatiramer Acetate Product, which will be indicated for administration three times per week with at least 48 hours between every injection.

84.     Upon information and belief, DRL plans and intends to, and will, infringe the '413 patent immediately and imminently upon approval of DRL's ANDA.

85.     Upon information and belief, immediately and imminently upon approval of DRL's ANDA, there will be direct infringement of the claims of the '413 patent under 35 U.S.C. § 271(a).

86.     Upon information and belief, DRL, under 35 U.S.C. § 271(b), acted in concert, actively supported, participated in, encouraged, and/or induced the infringement of one or more claims of the '413 patent.

87.     Upon information and belief, DRL plans and intends to, and will, actively induce infringement of the '413 patent when DRL's ANDA is approved, and plans and intends to, and will, do so immediately and imminently upon approval.

88.     Upon information and belief, DRL knows that DRL's Glatiramer Acetate Product is especially made or adapted for use in infringing the '413 patent and that DRL's Glatiramer Acetate Product is not suitable for substantial non-infringing uses.  Upon information and belief, DRL, under 35 U.S.C. § 271(c), plans and intends to, and will, contribute to the infringement of the '413 patent immediately and imminently upon approval of the DRL's ANDA.

89.     The foregoing actions by DRL constitute and/or would constitute infringement of the '413 patent, active inducement of infringement of the '413 patent and/or contribution to the infringement by others of the '413 patent.

90.     Upon information and belief, DRL acted without a reasonable basis for believing

that it would not be liable for infringing the '413 patent, actively inducing infringement of the '413 patent and/or contributing to the infringement by others of the '413 patent.

91.     Teva will be substantially and irreparably harmed by DRL's infringing activities unless the Court enjoins those activities.  Teva will have no adequate remedy at law if DRL is not enjoined from the commercial manufacture, use, offer to sell, sale in and importation into the United States of DRL's Glatiramer Acetate Product.

92.     DRL's activities render this case an exceptional one, and Teva is entitled to an award of their reasonable attorney fees under 35 U.S.C. § 285.

### COUNT IV FOR DECLARATORY JUDGMENT OF INFRINGMENT OF U.S. PATENT NO. 8,399,413 BY DRL

93.     The allegations of the proceeding paragraphs 1–92 are realleged and incorporated herein by reference.

94.     Upon information and belief, DRL plans to begin manufacturing, marketing, selling, offering to sell and/or importing DRL's Glatiramer Acetate Product soon after FDA approval of DRL's ANDA.

95.     Such conduct will constitute direct infringement of one or more claims on the '413 patent under 35 U.S.C. § 271(a), inducement of infringement of the '413 patent under 35 U.S.C. § 271(b), and contributory infringement of the '413 patent under 35 U.S.C. § 271(c).

96.     DRL's infringing patent activity complained of herein is imminent and will begin following FDA approval of DRL's ANDA.

97.     As a result of the foregoing facts, there is a real, substantial, and continuing justiciable controversy between Teva and DRL as to liability for the infringement of the '413 patent.  DRL's actions have created in Teva a reasonable apprehension of irreparable harm and loss resulting from DRL's threatened imminent actions.

98.     Upon information and belief, DRL will knowingly and willfully infringe the '413 patent.

99.     Teva will be irreparably harmed if DRL is not enjoined from infringing the '413 patent.

### COUNT V FOR INFRINGEMENT OF U.S. PATENT NO. 8,232,250 BY SANDOZ

100.     The allegations of the proceeding paragraphs 1–99 are realleged and incorporated herein by reference.

101.     The use of Sandoz's Glatiramer Acetate Product is covered by one or more claims of the '250 patent.

102.     The commercial manufacture, use, offer for sale, sale, marketing, distribution and/or importation of Sandoz's Glatiramer Acetate Product would infringe one or more claims of the '250 patent.

103.     Under 35 U.S.C. § 271(e)(2)(A), Sandoz's submission to FDA of Sandoz's ANDA to obtain approval for Sandoz's Glatiramer Acetate Product with a Paragraph IV Certification related thereto before the expiration of the '250 patent constitutes an act of infringement, and if approved, the commercial manufacture, use, offer to sell, sale, or importation of Sandoz's Glatiramer Acetate Product containing glatiramer acetate, would infringe one or more claims of the '250 patent.

104.     Sandoz was aware of the '250 patent when engaging in these knowing and purposeful activities and was aware that filing Sandoz's ANDA with Sandoz's Paragraph IV Certifications with respect to the '250 patent constituted an act of infringement of the '250 patent.

105.     Upon information and belief, Sandoz seeks approval from the FDA to manufacture, use, offer for sale, sell in and import into the United States Sandoz's Glatiramer

16

435881.1

Acetate Product indicated for the treatment of patients with relapsing forms of multiple sclerosis. Further, upon information and belief, Sandoz seeks approval from the FDA to manufacture, use, offer for sale, sell in and import into the United States Sandoz's Glatiramer Acetate Product, which will be indicated for administration three times per week with at least 48 hours between every injection.

106.    Upon information and belief, Sandoz plans and intends to, and will, infringe the '250 patent immediately and imminently upon approval of Sandoz's ANDA.

107.    Upon information and belief, immediately and imminently upon approval of Sandoz's ANDA, there will be direct infringement of the claims of the '250 patent under 35 U.S.C. § 271(a).

108.    Upon information and belief, Sandoz, under 35 U.S.C. § 271(b), acted in concert, actively supported, participated in, encouraged, and/or induced the infringement of one or more claims of the '250 patent.

109.    Upon information and belief, Sandoz plans and intends to, and will, actively induce infringement of the '250 patent when Sandoz's ANDA is approved, and plans and intends to, and will, do so immediately and imminently upon approval.

110.    Upon information and belief, Sandoz knows that Sandoz's Glatiramer Acetate Product is especially made or adapted for use in infringing the '250 patent and that Sandoz's Glatiramer Acetate Product is not suitable for substantial non-infringing uses.  Upon information and belief, Sandoz, under 35 U.S.C. § 271(c), plans and intends to, and will, contribute to the infringement of the '250 patent immediately and imminently upon approval of the Sandoz's ANDA.

111.    The foregoing actions by Sandoz constitute and/or would constitute infringement

17

of the '250 patent, active inducement of infringement of the '250 patent and/or contribution to the infringement by others of the '250 patent.

112.    Upon information and belief, Sandoz acted without a reasonable basis for believing that it would not be liable for infringing the '250 patent, actively inducing infringement of the '250 patent and/or contributing to the infringement by others of the '250 patent.

113.    Teva will be substantially and irreparably harmed by Sandoz's infringing activities unless the Court enjoins those activities.  Teva will have no adequate remedy at law if Sandoz is not enjoined from the commercial manufacture, use, offer to sell, sale in and importation into the United States of Sandoz's Glatiramer Acetate Product.

114.    Sandoz's activities render this case an exceptional one, and Teva is entitled to an award of their reasonable attorney fees under 35 U.S.C. § 285.

**COUNT VI FOR DECLARATORY JUDGMENT OF
INFRINGMENT OF U.S. PATENT NO. 8,232,250 BY SANDOZ**

115.    The allegations of the proceeding paragraphs 1–114 are realleged and incorporated herein by reference.

116.    Upon information and belief, Sandoz plans to begin manufacturing, marketing, selling, offering to sell and/or importing Sandoz's Glatiramer Acetate Product soon after FDA approval of Sandoz's ANDA.

117.    Such conduct will constitute direct infringement of one or more claims on the '250 patent under 35 U.S.C. § 271(a), inducement of infringement of the '250 patent under 35 U.S.C. § 271(b), and contributory infringement of the '250 patent under 35 U.S.C. § 271(c).

118.    Sandoz's infringing patent activity complained of herein is imminent and will begin following FDA approval of Sandoz's ANDA.

119.    As a result of the foregoing facts, there is a real, substantial, and continuing

18

justiciable controversy between Teva and Sandoz as to liability for the infringement of the '250 patent.  Sandoz's actions have created in Teva a reasonable apprehension of irreparable harm and loss resulting from Sandoz's threatened imminent actions.

120.    Upon information and belief, Sandoz will knowingly and willfully infringe the '250 patent.

121.    Teva will be irreparably harmed if Sandoz is not enjoined from infringing the '250 patent.

### COUNT VII FOR INFRINGEMENT OF U.S. PATENT NO. 8,399,413 BY SANDOZ

122.    The allegations of the proceeding paragraphs 1–121 are realleged and incorporated herein by reference.

123.    The use of Sandoz's Glatiramer Acetate Product is covered by one or more claims of the '413 patent.

124.    The commercial manufacture, use, offer for sale, sale, marketing, distribution and/or importation of Sandoz's Glatiramer Acetate Product would infringe one or more claims of the '413 patent.

125.    Under 35 U.S.C. § 271(e)(2)(A), Sandoz's submission to FDA of Sandoz's ANDA to obtain approval for Sandoz's Glatiramer Acetate Product with a Paragraph IV Certification related thereto before the expiration of the '413 patent constitutes an act of infringement, and if approved, the commercial manufacture, use, offer to sell, sale, or importation of Sandoz's Glatiramer Acetate Product containing glatiramer acetate, would infringe one or more claims of the '413 patent.

126.    Sandoz was aware of the '413 patent when engaging in these knowing and purposeful activities and was aware that filing Sandoz's ANDA with Sandoz's Paragraph IV Certifications with respect to the '413 patent constituted an act of infringement of the '413

patent.

127.     Upon information and belief, Sandoz seeks approval from the FDA to manufacture, use, offer for sale, sell in and import into the United States Sandoz's Glatiramer Acetate Product indicated for the treatment of patients with relapsing forms of multiple sclerosis. Further, upon information and belief, Sandoz seeks approval from the FDA to manufacture, use, offer for sale, sell in and import into the United States Sandoz's Glatiramer Acetate Product, which will be indicated for administration three times per week with at least 48 hours between every injection.

128.     Upon information and belief, Sandoz plans and intends to, and will, infringe the '413 patent immediately and imminently upon approval of Sandoz's ANDA.

129.     Upon information and belief, immediately and imminently upon approval of Sandoz's ANDA, there will be direct infringement of the claims of the '413 patent under 35 U.S.C. § 271(a).

130.     Upon information and belief, Sandoz, under 35 U.S.C. § 271(b), acted in concert, actively supported, participated in, encouraged, and/or induced the infringement of one or more claims of the '413 patent.

131.     Upon information and belief, Sandoz plans and intends to, and will, actively induce infringement of the '413 patent when Sandoz's ANDA is approved, and plans and intends to, and will, do so immediately and imminently upon approval.

132.     Upon information and belief, Sandoz knows that Sandoz's Glatiramer Acetate Product is especially made or adapted for use in infringing the '413 patent and that Sandoz's Glatiramer Acetate Product is not suitable for substantial non-infringing uses.  Upon information and belief, Sandoz, under 35 U.S.C. § 271(c), plans and intends to, and will, contribute to the

435881.1

infringement of the '413 patent immediately and imminently upon approval of the Sandoz's ANDA.

133.    The foregoing actions by Sandoz constitute and/or would constitute infringement of the '413 patent, active inducement of infringement of the '413 patent and/or contribution to the infringement by others of the '413 patent.

134.    Upon information and belief, Sandoz acted without a reasonable basis for believing that it would not be liable for infringing the '413 patent, actively inducing infringement of the '413 patent and/or contributing to the infringement by others of the '413 patent.

135.    Teva will be substantially and irreparably harmed by Sandoz's infringing activities unless the Court enjoins those activities.  Teva will have no adequate remedy at law if Sandoz is not enjoined from the commercial manufacture, use, offer to sell, sale in and importation into the United States of Sandoz's Glatiramer Acetate Product.

136.    Sandoz's activities render this case an exceptional one, and Teva is entitled to an award of their reasonable attorney fees under 35 U.S.C. § 285.

## COUNT VIII FOR DECLARATORY JUDGMENT OF INFRINGMENT OF U.S. PATENT NO. 8,399,413 BY SANDOZ

137.    The allegations of the proceeding paragraphs 1–136 are realleged and incorporated herein by reference.

138.    Upon information and belief, Sandoz plans to begin manufacturing, marketing, selling, offering to sell and/or importing Sandoz's Glatiramer Acetate Product soon after FDA approval of Sandoz's ANDA.

139.    Such conduct will constitute direct infringement of one or more claims on the '413 patent under 35 U.S.C. § 271(a), inducement of infringement of the '413 patent under 35 U.S.C. § 271(b), and contributory infringement of the '413 patent under 35 U.S.C. § 271(c).

435881.1

140.    Sandoz's infringing patent activity complained of herein is imminent and will begin following FDA approval of Sandoz's ANDA.

141.    As a result of the foregoing facts, there is a real, substantial, and continuing justiciable controversy between Teva and Sandoz as to liability for the infringement of the '413 patent.  Sandoz's actions have created in Teva a reasonable apprehension of irreparable harm and loss resulting from Sandoz's threatened imminent actions.

142.    Upon information and belief, Sandoz will knowingly and willfully infringe the '413 patent.

143.    Teva will be irreparably harmed if Sandoz is not enjoined from infringing the '413 patent.

## PRAYER FOR RELIEF

WHEREFORE, Teva respectfully request the following relief:

(a)    a judgment that the '250 and '413 patents are valid and enforceable;

(b)    a judgment that DRL's submission of the ANDA No. 206767, was an act of infringement of one or more claims of the '250 and '413 patents and that the making, using, offering to sell, selling, marketing, distributing, or importing of DRL's Glatiramer Acetate Product prior to the expiration of the '250 and '413 patents will infringe, actively induce infringement and/or contribute to the infringement of one or more claims of the '250 and '413 patents;

(c)    a judgment that Sandoz's submission of the ANDA No. 206921, was an act of infringement of one or more claims of the '250 and '413 patents and that the making, using, offering to sell, selling, marketing, distributing, or importing of Sandoz's Glatiramer Acetate Product prior to the expiration of the '250 and '413 patents will infringe, actively induce

22

435881.1

infringement and/or contribute to the infringement of one or more claims of the '250 and '413 patents;

(d)        an Order pursuant to 35 U.S.C. § 271(e)(4)(A) providing that the effective date of any FDA approval of the DRL ANDA No. 206767 or any product the use of which infringes the '250 or '413 patents, shall be a date that is not earlier than the expiration of the '250 and '413 patents;

(e)        an Order pursuant to 35 U.S.C. § 271(e)(4)(A) providing that the effective date of any FDA approval of the Sandoz ANDA No. 206921 or any product the use of which infringes the '250 or '413 patents, shall be a date that is not earlier than the expiration of the '250 and '413 patents;

(f)        an Order pursuant to 35 U.S.C. § 271(e)(4)(B) permanently enjoining DRL and all persons acting in concert with DRL from commercially manufacturing, using, offering for sale, selling, marketing, distributing, or importing DRL's Glatiramer Acetate Product, or any product the use of which infringes the '250 or '413 patents, or inducing or contributing to the infringement of the '250 or '413 patents until after the expiration of the '250 and '413 patents;

(g)        an Order pursuant to 35 U.S.C. § 271(e)(4)(B) permanently enjoining Sandoz and all persons acting in concert with Sandoz from commercially manufacturing, using, offering for sale, selling, marketing, distributing, or importing Sandoz's Glatiramer Acetate Product, or any product the use of which infringes the '250 or '413 patents, or inducing or contributing to the infringement of the '250 or '413 patents until after the expiration of the '250 and '413 patents;

(h)        an Order pursuant to 35 U..C. § 283 permanently enjoining DRL and all persons acting in concert with DRL from commercially manufacturing, using, offering for sale, selling, marketing, distributing, or importing DRL's Glatiramer Acetate Product, or any product or

compound the use of which infringes the '250 or '413 patents, or inducing or contributing to the infringement of the '250 or '413 patents, until after the expiration of the '250 and '413 patents;

(i)    an Order pursuant to 35 U.S.C. § 283 permanently enjoining Sandoz and all persons acting in concert with Sandoz from commercially manufacturing, using, offering for sale, selling, marketing, distributing, or importing Sandoz's Glatiramer Acetate Product, or any product or compound the use of which infringes the '250 or '413 patents, or inducing or contributing to the infringement of the '250 or '413 patents, until after the expiration of the '250 and '413 patents;

(j)    an Order enjoining DRL and all persons acting in concert with DRL from seeking, obtaining, or maintaining approval of the DRL ANDA No. 206767 before the expiration of the '250 and '413 patents;

(k)    an Order enjoining Sandoz and all persons acting in concert with Sandoz from seeking, obtaining, or maintaining approval of the Sandoz ANDA No. 206921 before the expiration of the '250 and '413 patents;

(l)    an award of Teva's damages or other monetary relief to compensate Teva if DRL engages in the commercial manufacture, use, offer to sell, sale or marketing or distribution in, or importation into the United States of DRL's Glatiramer Acetate Product, or any product or compound the use of which infringes the '250 or '413 patents, or the inducement or contribution of the foregoing, prior to the expiration of the '250 and '413 patents in accordance with 35 U.S.C. § 271(e)(4)(C);

(m)    an award of Teva's damages or other monetary relief to compensate Teva if Sandoz engages in the commercial manufacture, use, offer to sell, sale or marketing or distribution in, or importation into the United States of Sandoz's Glatiramer Acetate Product, or

435881.1

any product or compound the use of which infringes the '250 or '413 patents, or the inducement or contribution of the foregoing, prior to the expiration of the '250 and '413 patents in accordance with 35 U.S.C. § 271(e)(4)(C);

      (n)     a judgment that this is an exceptional case and awarding Teva its attorneys' fees under 35 U.S.C. § 285;

      (o)     an award of Teva's reasonable costs and expenses in this action; and

      (p)     an award of any further and additional relief to Teva as this Court deems just and proper.

Dated:  September 11, 2014         **LITE DEPALMA GREENBERG, LLC**

          */s/ Michael E. Patunas*
          Michael E. Patunas
          Mayra V. Tarantino
          mpatunas@litedepalma.com
          mtarantino@litedepalma.com
          Two Gateway Center, Suite 1201
          Newark, New Jersey 07102-5003
          (973) 623-3000

          *OF COUNSEL*:

          **GOODWIN PROCTER LLP**
          David M. Hashmall
          Elizabeth J. Holland
          The New York Times Building
          620 Eighth Avenue
          New York, NY  10018-1405
          (212) 813-8800
          dhashmall@goodwinprocter.com
          eholland@goodwinprocter.com

435881.1

**GOODWIN PROCTER LLP**
Daryl L. Wiesen
John T. Bennett
Nicholas K. Mitrokostas
Exchange Place
Boston, MA 02109
(617) 570-1000
dwiesen@goodwinprocter.com
jbennett@goodwinprocter.com
nmitrokostas@goodwinprocter.com

**GOODWIN PROCTER LLP**
William G. James
901 New York Ave. NW
Washington, DC 20001
(202) 346-4000
wjames@goodwinprocter.com

*Attorneys for Plaintiffs Teva Pharmaceuticals USA,
Inc., Teva Pharmaceutical Industries Ltd., Teva
Neuroscience, Inc. and Yeda Research and
Development Co., Ltd.*

26

## CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2

Plaintiffs Teva Pharmaceuticals USA, Inc., Teva Pharmaceutical Industries Ltd., Teva

Neuroscience, Inc. and Yeda Research and Development Co., Ltd., by their attorneys, hereby

certify that the matters in controversy are also the subject of the following actions:

| Caption | Civil Action No. |
|---|---|
| Teva Pharmaceuticals USA, Inc. et al. v. Dr. Reddy's Laboratories, Inc. et al. | C.A. No. 14-1172 (D. Del.) |
| Teva Pharmaceuticals USA, Inc. et al. v. Sandoz, Inc., et al. | C.A. No. 14-1171 (D. Del.) |

I hereby certify that the following statements made by me are true.  I am aware that if any

of the foregoing statements made by me are willfully false, I am subject to punishment.


Dated:  September 11, 2014                    **LITE DEPALMA GREENBERG, LLC**


 _/s/ Michael E. Patunas_
Michael E. Patunas
Mayra V. Tarantino
mpatunas@litedepalma.com
mtarantino@litedepalma.com
Two Gateway Center, Suite 1201
Newark, New Jersey 07102-5003
(973) 623-3000

*OF COUNSEL*:
**GOODWIN PR**
**OCTER LLP**
David M. Hashmall
Elizabeth J. Holland
The New York Times Building
620 Eighth Avenue
New York, NY  10018-1405
(212) 813-8800
dhashmall@goodwinprocter.com
eholland@goodwinprocter.com

435881.1

**GOODWIN PROCTER LLP**
Daryl L. Wiesen
John T. Bennett
Nicholas K. Mitrokostas
Exchange Place
Boston, MA 02109
(617) 570-1000
dwiesen@goodwinprocter.com
jbennett@goodwinprocter.com
nmitrokostas@goodwinprocter.com

**GOODWIN PROCTER LLP**
William G. James
901 New York Ave. NW
Washington, DC 20001
(202) 346-4000
wjames@goodwinprocter.com

*Attorneys for Plaintiffs Teva Pharmaceuticals USA,
Inc., Teva Pharmaceutical Industries Ltd., Teva
Neuroscience, Inc. and Yeda Research and
Development Co., Ltd.*

435881.1